MICHELE BEAL BAGNERIS, City Attorney
  State Bar No. 115423
JAVAN N. RAD, Assistant City Attorney
  State Bar No. 209722
100 N. Garfield Avenue, Room N210
Pasadena, California 91101
(626) 744-4141

Attorneys for Defendants
CITY OF PASADENA, OFFICER CRISTIAN ALLEN
and OFFICER ALFREDO MAGALLON

UNITED STATES DISTRICT COURT

FOR THE FOR THE CENTRAL DISTRICT

| | |
|---|---|
| DHRUW KUMAR AND SHRUTI JHA,<br><br>Plaintiffs,<br><br>v.<br><br>CITIBANK INC., CITY OF PASADENA, OFFICER ALLEN, an Individual; OFFICER JUNG, an Individual; and DOES 1 through 25, Inclusive,<br><br>Defendants.<br>_____ | CASE NO.: CV10-8361R (FMOx)<br><br>STATEMENT OF FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT<br><br>Date: November 7, 2011<br>Time: 10:00 a.m.<br>Courtroom: 8 (Spring Street)<br>Judge: Hon. Manuel L. Real |

///
///
///

1

[PROPOSED] STATEMENT OF FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR
0000090856C031  SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

After consideration of the papers in support of and in opposition to the motion for summary judgment of defendants City of Pasadena, Officer Cristian Allen, and Officer Alfredo Magallon, and the oral argument of counsel, the Court determines that the following facts have been established as

**UNCONTROVERTED FACTS – COMMON TO ALL CLAIMS**

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. On the morning of September 22, 2009, Officer Allen and Officer Magallon were partners in a police patrol car. | Allen depo., 5:6-9, 23-25; 6:11-13 (Rad dec., Exhibit "A"). |
| 2. While Officer Allen and Officer Magallon were traveling in their patrol car, the police dispatcher broadcast that Diane Ramirez, bank manager at Citibank located at 161 W. California Ave. in Pasadena (the "Bank"), called complaining of a fraud occurring at Citibank, and the dispatcher gave a suspect description and advised that the suspect was still at the Bank. | Allen depo., 7:23-8:3; 11:13-12:10 (Rad dec., Exhibit "A"). |
| 3. When Officer Allen and Officer Magallon arrived at the Bank, Ramirez pointed out Plaintiff to them, and Officer Allen detained Plaintiff by placing him in handcuffs, and asking Plaintiff to sit in a Bank, chair. | Allen depo., 12:16-13:4; 15:9-14; 25:2-7; 39:7-23 (Rad dec., Exhibit "A"). |
| 4. Plaintiff does not know why he was handcuffed. | Kumar depo., 41:25-42:11; 72:15-18 (Rad dec., Exhibit "B"). |

2

[PROPOSED] STATEMENT OF FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR
0000090856C031   SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5 | 5. Officer Allen handcuffed Plaintiff to be safe for himself and Officer Magallon, because, at that time, Officer Allen did not know exactly what crime was occurring and he was still gathering his facts. | Allen depo., 24:6-23 (Rad dec., Exhibit "A"). |
| 6<br>7<br>8<br>9<br>10 | 6. Officer Allen then went back to Bank manager Ramirez, who gave Officer Allen copies of the bank records of the fraudulent deposits. | Allen depo., 11:13-12:10; 13:8-16; 26:7-20 (Rad dec., Exhibit "A"), Allen dec., Exhibits "B," "C," and "D." |
| 11<br>12<br>13<br>14 | 7. Ramirez told Officer Allen that Plaintiff had, over the weekend, deposited four empty ATM envelopes into his accounts and was now trying to withdraw money without sufficient funds. | Allen depo., 12:5-15, 26:21-25 (Rad dec., Exhibit "A"); Allen dec., ¶ 5-10, Exhibits "B," "C," and "D. |
| 15<br>16<br>17<br>18<br>19<br>20<br>21 | 8. The three weekend deposits to Plaintiff's checking account (all made with empty envelopes) were reported by the paperwork Ramirez provided to Officer Allen to be $5,255.42 at the Citibank North Hollywood branch, $4,600 at the Citibank Sherman Oaks branch, and $3,500 again at the Sherman Oaks branch. | Allen depo. 73:19-74:12 (Rad dec., Exhibit "A"); Allen dec., ¶ 5-10, Exhibits "B" and "D." |
| 22<br>23 | 9. Prior to the three deposits to Plaintiff's checking account, he had a balance of $154.71. | Allen dec., ¶ 10, Exhibits "B" and "D." |
| 24<br>25<br>26 | 10. The weekend deposit to Plaintiff's savings account in an empty envelope was reported by the paperwork Ramirez provided to Officer Allen to be $5,255.42 at the Citibank North Hills branch. | Allen dec., ¶ 10, Exhibits "C" and "D." |

27
28

3

[PROPOSED] STATEMENT OF FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR
0000090856C031   SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

1ba3b6fca2310d18

| | |
|---|---|
| 11. Prior to the deposit to Plaintiff's savings account, he had a balance of $1.31. | Allen dec., ¶ 10, Exhibits "C" and "D." |
| 12. The bank employees told Officer Magallon that Plaintiff told them that he had made several deposits over the weekend. | Magallon depo., 33:12-20 (Rad dec., Exhibit "C"). |
| 13. Ramirez told Officer Magallon that Plaintiff was the person who deposited empty envelopes through an ATM in his bank account over the weekend. | Magallon depo., 39:9-25 (Rad dec., Exhibit "C"). |
| 14. Teller Denice Caceres told Officer Magallon that Plaintiff had previously come to the bank stating he had made several deposits, demanded that he needed his money, and asked why his money was not available. | Magallon depo., 40:1-14 (Rad dec., Exhibit "C"). |
| 15. Caceres told Officer Allen that, on Monday, September 21, 2009, Plaintiff came into the bank on two separate occasions, at 10:00 a.m. and 4:00 p.m., asking why he was unable to withdraw money from his account. | Allen dec., ¶ 11. |
| 16. Personal banker Brian Dettorre told Officer Allen that, on the morning of September 22, 2009, Plaintiff told him he was unable to withdraw money from his accounts. | Allen dec., ¶ 12. |

4

| | |
|---|---|
| 17. In Officer Magallon's experience, banks will honor large deposits with a $100 credit right away. Plaintiff's attempt to withdraw money from the ATM instead of inside the bank raised Officer Magallon's suspicion that Plaintiff was fraudulently making deposits in an attempt to make $100 withdrawals. | Magallon depo., 58:4-59:12 (Rad dec., Exhibit "C"). |
| 18. Around the same date as the arrest of Plaintiff, there were a number of fraudulent banking transactions reported to the police. | Magallon depo., 59:8-25 (Rad dec., Exhibit "C"). |
| 19. While Plaintiff was detained at the Bank, he presented Officer Allen with two California driver's licenses. The number matched, but Plaintiff's name was different on the two cards. | Allen depo., 55:15-56:7 (Rad dec., Exhibit "A"); Allen dec., ¶ 14, Exhibit "E." |
| 20. In Officer Allen's training and experience, individuals who perform identity theft or financial crimes sometimes carry different forms of identification with different names so it is more difficult to trace them. | Allen depo., 55:25-56:7 (Rad dec., Exhibit "A"). |
| 21. Plaintiff did not hear any of the conversations Officer Allen and Officer Magallon had with Citibank employees. | Kumar depo., 42:12-16 (Rad dec., Exhibit "B"). |
| 22. Plaintiff was handcuffed at Citibank for approximately 30-40 minutes. | Kumar depo., 55:15-25; 56:9-16 (Rad dec., Exhibit "B"). |

| | |
|---|---|
| 23. Photographs of the individual(s) engaging in the ATM transactions to Plaintiff's account at the Sherman Oaks, North Hollywood, and West Hills branches existed, but the bank did not make those photos available at the time Officer Allen and Officer Magallon were at the bank – and while Plaintiff was detained – on the morning of September 22, 2009. | Magallon depo., 68:19-69:19 (Rad dec., Exhibit "C"); Allen dec., ¶ 14. |
| 24. Plaintiff was arrested at Citibank, while he was still handcuffed and after Officer Allen had completed his investigation. | Kumar depo., 35:7-15 (Rad dec., Exhibit "B"); Allen dec., ¶ 15. |
| 25. Plaintiff does not know why he was arrested. | Kumar depo., 36:6-12 (Rad dec., Exhibit "B"). |
| 26. Plaintiff offers no facts (just conclusions) to dispute the fact that Officer Allen had probable cause to arrest the Plaintiff. | Response to Interrogatories, Set No. One, number 5 (Rad dec., Exhibits "D" & "E"). |

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

2. Officers Allen and Magallon are not liable to the Plaintiff for violation of 42 U.S.C. § 1983.

3. Defendants City of Pasadena and Officers Allen and Magallon (collectively "Defendants") are not liable to the Plaintiff for false imprisonment/false arrest.

/ / /

/ / /

/ / /

6

[PROPOSED] STATEMENT OF FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

0000090856C031

    4.    The motion for summary judgment by Defendants is granted in its entirety.

    5.    Judgment shall be entered in Defendants' favor consistent herewith.

Dated: November 28, 2011    _____
                                     Hon. Manuel L. Real
                                       United States District Court Judge

Presented by:

MICHELE BEAL BAGNERIS
   City Attorney
JAVAN N. RAD
   Assistant City Attorney


By:_____
      Javan N. Rad
      Assistant City Attorney

Attorneys for Defendants
CITY OF PASADENA AND OFFICERS
CRISTIAN ALLEN and ALFREDO MAGALLON

7

[PROPOSED] STATEMENT OF FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT
0000090856C031